UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER,

    Plaintiff,

v.

WILLIAM WALKER, et al.,

    Defendants.
_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-4

**REPORT AND RECOMMENDATION**

Plaintiff Wayne Walker paid the filing fee and filed a complaint in this Court on January 3, 2023. His action apparently arises out of Cooper Township's (Township) enforcement of a blight or similar ordinance against certain real property on which Plaintiff resides or which he owns. He sues William Walker, an individual with the same address as Plaintiff, although Plaintiff alleges that William Walker has not lived there "in the past 31 years" and asserts that "Cooper Township knows that there's no one by that name that lives or even owns this property 1539 East B Avenue, Plainwell, MI 49080." (ECF No. 1 at PageID.6–7.) Plaintiff also sues Township Supervisor Jeff Sorenson; Jack Wood, the official in charge of ordinance enforcement; Roxanne Seeber, identified as a Legal Administrator; Tammy Schafer, Kim Kars-Bos, Carol DeHaan, and Julie Johnson, all of whom are presumably Township officials or employees; and Unknown Party #1, identified as the Kalamazoo County Sheriff.

Plaintiff describes various events occurring from November 30, 2020, to December 15, 2021.

On November 30, 2020, Plaintiff's wife, Susan Fulton (Walker), received a letter regarding the condition of the yard and property. She discussed the situation with Defendant Sorenson, but

there was no resolution. Sorenson said he would get back with Plaintiff and Fulton. On December 21, 2020, the Township issued a ticket to Fulton, and a court date was set for January 22, 2021. Sorenson did not show up for the hearing. (ECF No. 1 at PageID.6.)

On February 4, 2021, an SUV pulled into Plaintiff's driveway. Defendants Sorenson and Wood were inside. Sorenson stayed in the vehicle while Wood got out and told a young man standing in the driveway that he would like to speak with the homeowners. The young man approached the front door and Plaintiff answered. Plaintiff turned to his wife Susan Fulton to ask her if she was expecting anyone. As Plaintiff turned back to the door, Wood appeared and asked for the homeowner. Wood then started yelling for Fulton, who was on the phone with her mother's nurse. Wood then tried to force his way into the house by pushing against the door and tried to bully and rush Fulton and then Plaintiff. (*Id.*)

On December 14, 2021, Plaintiff called the Kalamazoo County district court clerk's office regarding a falsified judgment. The clerk told Plaintiff he would have to call Defendant Seeber right away because of the lack of information for William Walker, apparently the person named in the judgment. The clerk told Plaintiff that it would have been illegal to serve the judgment if William Walker did not live at that address. (*Id.*)

On December 15, 2021, Plaintiff was told to have everything but one commercial trailer/storage and one trailer/inventory off the property. Defendant Wood showed up to the property, along with Defendant Sorenson and Craig McDonald of McDonald's Towing. Plaintiff told them to produce William Walker, but they made no attempt to do so, and have yet to produce William Walker. That same day—the date on which the court said the items had to be removed from the property—Wood and Sorenson told Plaintiff that he had until midnight to remove the items, or they would be forcibly removed. (*Id.* at PageID.6-7.)

Wood returned to the property on December 16, 2021, and Plaintiff had removed everything that was required to be removed from the property. Plaintiff alleges that the Township has taken many things off his property. Wood has been seen driving by Plaintiff's house several times a day, going onto the property when he thinks that no one is home, and removing the plates of all trailers, campers, and vehicles. Plaintiff alleges that Wood harassed him and Fulton and has called the police and fire departments on them for burning brush in their back yard. (*Id.* at PageID.7.)

On April 13, 2022, Defendant Wood arrived at the property with Nate Wolf. Wood instructed Wolf to grab items from the property. Wolf reminded Wood that Wood had told Plaintiff and Fulton that if they got the trailers and the campers "plated" they could keep them on their property. Wood told Wolf to grab the wood, building materials, and other things since that was what he was hired to do. Plaintiff and his wife were told that they had to remove campers because their plates had been stolen. They reported the missing plates to the state police after someone told them that Wood had been on the property removing the plates from both campers. (*Id.*)

On some identified date, Plaintiff and his wife were told that if the semi-trailer had at least two good tires on it, was able to be moved, and was properly plated, they would be permitted to keep it on the property. Wood also told them that he has the right to go on anyone's property, regardless of whether a "No Trespassing" sign is posted, because he is the Ordinance Enforcement Officer. On June 27, 2022, however, Wood told Plaintiff that he did not say that they could keep the semi-trailer if it was "plated." Instead, he said that they would be able to plate the trailer long enough to move it to a different location. That day, the Township had McDonald's Towing haul the semi-trailer off the property, damaging trees and the yard in the process. (*Id.*)

Plaintiff alleges that Seeber and the Township know that no one named William Walker lives on his property. The Township held a zoning meeting regarding Plaintiff's property without giving them notice. Plaintiff and his wife did not learn of the meeting until it was over. Plaintiff was told that they would have to pay almost $1,000 just to start the appeal process. After the meeting, the Township wrote Plaintiff and his wife a letter based on "highly vindictively motivated, non-substantial . . . allegation[s]." (*Id.* at PageID.7–8.)

Plaintiff requests "a full investigation" against Defendants Seeber, Sorenson, Wood, and others, including "their hired gunmen dressed as Kalamazoo County Sheriff Deputies" for "using their forms of employment to defraud Michigan property owners in different Townships of their constitutional and civil rights. . . ." (*Id.* at PageID.8.) Plaintiff contends that Defendants have committed acts that are more accurately portrayed as terrorism than acts of leadership. (*Id.*)

On January 11, 2023, Plaintiff filed an amended complaint. (ECF No. 4.) The amended complaint adds new defendants to the case (*id.* at PageID.14), but it contains no factual allegations. "Generally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). "If, however, the party submitting the pleading clearly intended the latter pleading to supplement, rather than supersede, the original pleading, some or all of the original pleading can be incorporated in the amended pleading." *Clark v. Johnston*, 413 F. App'x 804, 811–12 (6th Cir. 2011); *see also Anson v. Corrections Corp. of Am.*, No. 4:06 CV 1672, 2007 WL 1467058, at *1 n.2 (N.D. Ohio May 16, 2007) ("Although an amended complaint takes the place of the original pleading, this one is clearly intended to supplement and not replace the original complaint. The court will therefore construe them together, and will refer to them collectively as the amended complaint."). Here, although Plaintiff has not

4

indicated a clear intent that the amended complaint supplements, rather than supersedes, the original complaint, because Plaintiff is not a lawyer, I will read the two together and consider the amended complaint as supplementing the original complaint with new defendants.

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Here, Plaintiff's allegations, while concerning, do not demonstrate the Court has subject matter jurisdiction, and therefore are "devoid of merit" pursuant to *Apple*. Although Plaintiff uses the phrase "constitutional and civil rights," he does not allege a specific constitutional violation and makes no effort to explain why any Defendant violated a specific constitutional right. In the form portion of his original complaint, when asked to identify the basis for federal jurisdiction, Plaintiff wrote, "Life[,] Liberty[,] and the Pursuit of Happiness." (ECF No. 1 at PageID.3.) This does not state a constitutional violation. As one court has observed, "[t]hose principles, described in the Declaration of Independence, do not guarantee enforceable rights." *Minyard v. Walsh*, No. ED CV 13-110, 2014 WL 1029835, at *4 (C.D. Cal. Mar. 17, 2014). In other words, "[t]he

Declaration of Independence is an important historical document, but it is not law." *Morgan v. County of Hawaii*, No. 14-551, 2016 WL 1254222, at *24 (D. Haw. Mar. 29, 2016); *see also Parola v. I.R.S.*, No. 98-CV-7179, 1999 WL 1215557, at *7 (E.D.N.Y. Dec. 15, 1999) (stating that the Declaration of Independence does not create a private right of action) (citing *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996)). Moreover, Plaintiff includes numerous Defendants in both his original and amended complaints without alleging any factual involvement by them at all. Finally, the Court does not conduct investigations. *See Fiore, II v. Benfield*, No. 1:15CV271, 2015 WL 5511156, at *2 (M.D.N.C. Sept. 16, 2015) ("[T]he Court does not conduct investigations, and investigations are not an obtainable form of relief in a civil lawsuit."); *Reeves v. SCI Coal Twp.*, 4:11-CV-02313, 2012 WL 666832, at *1 (M.D. Pa. Feb. 9. 2012), *report and recommendation adopted*, 2012 WL 666801 (M.D. Pa. Feb. 29, 2012).

In short, Plaintiff fails to allege a viable claim. While Plaintiff is proceeding pro se, this Court is not obligated to conjure claims on his behalf out of whole cloth. *See Pliler v. Ford*, 542 U.S. 225, 231(2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Accordingly, I recommend that the Court dismiss this action for lack of subject matter jurisdiction as set forth in *Apple*.

Date:  January 19, 2023                               /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge

**<u>NOTICE</u>**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).