UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER,

    Plaintiff,

v.

WILLIAM WALKER, et al.,

    Defendants.
_____/

Case No. 1:23-cv-4

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding pro se, initiated this action on January 3, 2023. On January 11, 2023, Plaintiff filed an Amended Complaint. On January 19, 2023, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 27).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made.

### I. Background

After thoroughly setting forth the factual basis of Plaintiff's Complaint, the Magistrate Judge determined that Plaintiff failed to allege subject matter jurisdiction because Plaintiff "does

---

[1] Defendants also filed four motions to dismiss (ECF Nos. 11, 12, 24, & 34). Plaintiff filed a "Motion to Suppress All Electronic Filings of Court Documents" (ECF No. 43) and a "Motion to Dismiss Pursuant to Rule 12(b)(5) For Insufficiency of Process" (ECF No. 44). Because the Court adopts the Report and Recommendation and dismisses this action, the pending motions are dismissed as moot.

not allege a specific constitutional violation and makes no effort to explain why any Defendant violated a specific constitutional right" (R&R, ECF No. 5 at PageID.22). The Magistrate Judge also determined that Plaintiff "includes numerous Defendants in both his original and amended complaints without alleging any factual involvement by them at all" and further explained that "the Court does not conduct investigations" (*id.* at PageID.23).

Plaintiff's objection states that "Plaintiff … submits that this response pleads sufficient violations of the United States and Michigan Constitutions and their related laws to sufficiently demonstrate subject matter jurisdiction" (Pl. Obj., ECF No. 27 at PageID.106). Specifically, Plaintiff asserts five grounds for jurisdiction for the first time, including: (i) the Fifth Amendment; (ii) 42 U.S.C. § 1983 for "the repeated violations of [the Township's] agents in carrying out orders they knew or should have known were either erroneous or fraudulently obtained" and "persistent malicious prosecution" of Plaintiff; (iii) 18 U.S.C. § 241; (iv) the Sherman Act and Clayton Act; and (v) "490 USC 386" (*id.* at PageID.104–106).

## II. Discussion

As an initial matter, Plaintiff's newly asserted grounds for subject matter jurisdiction fail to identify error in the Magistrate Judge's analysis or ultimate conclusion that this matter is properly dismissed. Plaintiff asserts grounds for jurisdiction for the first time in his objection to the Report and Recommendation, and thus his arguments do not identify—let alone demonstrate— factual or legal error. *See* W.D. Mich. LCivR 72.3(b) (An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections.").

Moreover, for the following reasons, Plaintiff's asserted grounds for jurisdiction lack merit.

### 1. Fifth Amendment

First, the Court is unable to discern from Plaintiff's conclusory assertions whether Plaintiff intends to state a Fifth Amendment takings claim or a Fifth Amendment due process violation (*see* Pl. Obj., ECF No. 27 at PageID.104–105); neither of which are properly asserted. *See, e.g., Knick v. Twp. of Scott, Pennsylvania*, 204 L. Ed. 2d 558, 139 S. Ct. 2162, 2167–68 (2019) ("A property owner has an actionable Fifth Amendment takings claim" when the government takes his property without just compensation and a plaintiff has no "way to obtain compensation after the fact"; a plaintiff "may bring his claim in federal court under § 1983 at that time."); *Scott v. Clay Cnty. Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (Because "the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government[,] … the instant complainant's citation to the Fifth Amendment Due Process Clause [as the basis for a § 1983 claim] [i]s a nullity… .").

Further, to the extent Plaintiff's claims are based on a state-court judgment, specifically, an allegedly falsified judgment from the Kalamazoo County district court, those claims are barred by the *Rooker–Feldman* doctrine. *See, e.g., Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) ("[T]he Rooker/Feldman abstension doctrine … 'stands for the simple … proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.") (citation omitted)); *In re Siml*, 261 B.R. 419, 423 (Bankr. N.D. Ohio 2001) ("The [*Rooker-Feldman*] doctrine 'expresses the principle that federal trial courts have only original subject matter, and not appellate, jurisdiction [and] ... may not entertain appellate review of [or collateral attack on] a state court judgment.'") (internal quotations and citations omitted).

In sum, Plaintiff has not alleged a Fifth Amendment violation, and his argument that jurisdiction exists on this basis is properly rejected.

### 2. *42 U.S.C. § 1983*

Second, Plaintiff's vague and conclusory statements related to § 1983 fail to state a claim for relief. For example, Plaintiff appears to assert a "malicious prosecution" claim, presumably arising under the Fourth Amendment, but states no facts in his Complaint or instant objection relating to any criminal prosecution of Plaintiff, *see Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015); *Sykes v. Anderson*, 625 F.3d 294, 309–10 (6th Cir. 2010), and to the extent his claims are based on a state court ruling or judgment, those claims would also be barred by the *Rooker–Feldman* doctrine. *See supra.*

### 3. *18 U.S.C. § 241*

Plaintiff has no private right of action under 18 U.S.C. § 241, and his argument that jurisdiction exists on this basis is properly rejected. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) ("[A]s a private citizen, Kafele has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citation omitted).

### 4. *Sherman Act/Clayton Act*

Plaintiff's attempt to assert jurisdiction under the Sherman Act and/or the Clayton Act fares no better. Based on the Complaint—and despite Plaintiff's assertion that "[w]hile typically applied to private businesses, the actions of the various Township actors have accomplished the very evil intended to be addressed by the Sherman Act/Clayton Act"—the antitrust laws cited do not appear to have any application to the instant facts, and, as such, Plaintiff's argument that jurisdiction exists on this basis is properly rejected.

5. **Fourth Amendment**

Last, "490 USC 386" is not a valid federal statute. To the extent Plaintiff intends to refer to United States Supreme Court decision *Graham v. Connor*, 490 U.S. 386 (1989), Plaintiff fails to identify any factual matter that supports a Fourth Amendment excessive force claim, and his argument that jurisdiction exists on this basis is properly rejected.

### III.  Amendment

To the extent Plaintiff seeks to amend his pleading by asserting grounds for subject matter jurisdiction in his objection to the Report and Recommendation (Pl. Obj., ECF No. 27 at PageID.106), his attempt is improper. Plaintiff has not filed a motion for leave to amend, nor has he supplied a proposed second amended complaint for the Court's review, nor does Plaintiff request leave to amend to add the newly asserted grounds for jurisdiction to his Amended Complaint. Plaintiff includes only a cursory request to amend based on potential future events, stating that, "Plaintiff believes that upon further discovery, when ordered by the court, additional amendments to the pleadings will be required" (*id.*).

However, "it is not the district court's role to initiate amendments." *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *4 (6th Cir. June 17, 2022) (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008)). For a plaintiff seeking to avoid dismissal, "[t]here are important procedural requirements to follow," including "a formal motion to amend." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019). " "[I]f a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims … ." *Id.* (citation omitted); *Golf Vill. N., LLC v. City of Powell, Ohio*, 14 F.4th 611, 624 (6th Cir. 2021) (same).

Further, for the reasons discussed above, amendment of Plaintiff's Complaint would be futile. *See generally Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (explaining that when considering a motion to amend, a district court may weigh the "futility of the proposed amendment," among other factors).

In short, Plaintiff's objection fails to demonstrate the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001). As the Magistrate Judge set forth in the Report and Recommendation, "this Court is not obligated to conjure claims on [Plaintiff's] behalf out of whole cloth" (R&R, ECF No. 5 at PageID.23) (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.")).

### IV. Conclusion

Accordingly, Plaintiff's objection is denied, and the Report and Recommendation is approved and adopted as the Opinion of the Court. For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objection (ECF No. 27) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 5) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 4) is DISMISSED for the reasons stated herein and in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the pending motions to dismiss (ECF Nos. 11, 12, 24, & 34) and Plaintiff's pending motions (ECF Nos. 43 & 44) are DISMISSED as moot.

A Judgment consistent with this Opinion and Order will enter. *See* Fed. R. Civ. P. 58.

Dated: April 19, 2023    /s/ Jane M. Beckering  
JANE M. BECKERING  
United States District Judge